UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD WALSH,

    Plaintiff,

v.                                            Case No.:   2:23-cv-1223-SPC-NPM

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant The Standard Fire Insurance Company's Notice of Removal. (Doc. 1). This is a personal injury case that Defendant removed based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). And removal statutes are

strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Defendant fails to establish this Court's subject-matter jurisdiction on both fronts—the amount in controversy and diversity.

Where a complaint does "not allege [ ] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted). Ultimately, the question is whether the notice of removal plausibly alleges that "the amount in controversy at the time of removal" exceeds $75,000. *Id.*

To establish the amount in controversy, Defendant relies upon Plaintiff's medical bills, which currently total $63,074.53. (Doc. 1 at 6). Defendant tries to fill in the approximately $12,000 gap that remains with Plaintiff's general allegations in the complaint of "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition" and Plaintiff's allegation that his losses are "are

2

either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. 1 at 6). The Court cannot make the $12,000 inferential leap required based on these boilerplate allegations—particularly not in a case where Plaintiff's last medical treatment appears to have occurred seven months ago. (Doc. 1-3 at 38).

And to establish diversity, Defendant relies on Plaintiff's representation in his complaint that he is a resident of Florida. But residency is not citizenship. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person"). A person's citizenship is determined by their "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002). So right now, the Court does not have enough information regarding Plaintiff's citizenship.

The Court finds that Defendant has not met its burden of establishing this Court's subject-matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Defendant The Standard Fire Insurance Company must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before **January**

3

**15, 2024**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction.

2. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 29, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record