UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD WALSH,

    Plaintiff,

v.                                     Case No.:   2:23-cv-1223-SPC-NPM

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

    Before the Court is Defendant The Standard Fire Insurance Company's Supplemental Filing in Support of Defendant's Notice of Removal.  (Doc. 13). Standard Fire filed this Supplement in response to the Court's Order to Show Cause.  (Doc. 7).

    In its prior Order, the Court expressly told Standard Fire that it had failed to "establish this Court's subject-matter jurisdiction on both fronts—the amount in controversy and diversity."  (Doc. 7).  Specifically, the Court told Standard Fire that it improperly relied on Plaintiff's representation in his complaint that he is a "resident of Florida" to establish Plaintiff's citizenship. (Doc. 7 at 3).  The Court also stated that it "cannot make the $12,000 inferential leap required" for amount in controversy "based on these boilerplate

allegations—particularly not in a case where Plaintiff's last medical treatment appears to have occurred seven months ago." (Doc. 7 at 2-3).

Standard Fire has not meaningfully supplemented its allegation of Plaintiff's citizenship. In its Supplement, Standard Fire told the Court that Plaintiff listed a Florida address on an accident report completed a year and a half ago. (Doc. 13 at 4; 13-1 at 3). Standard Fire also informed the Court that Plaintiff had an auto insurance policy over a year ago that was attached to a Florida address. (Doc. 13 at 5). Neither of these things satisfy Standard Fire's burden to establish Plaintiff's citizenship.

Even if these facts satisfied the Court, Standard Fire has not meaningfully supplemented its allegation of amount in controversy either. Standard Fire did not provide the Court with updated medical bills or a better description of Plaintiff's injury, limitations, or projected treatment. In its Supplement, Standard Fire simply says (again) that the Court should rely on Plaintiff's demand letter and the fact that Plaintiff is "reasonably expected" to "continue to incur medical bills in the future" because *seven months ago* a doctor recommended continued treatment. (Doc. 13 at 8). Standard Fire did not provide anything to show that Plaintiff is taking (or intends to take) that doctor's recommendation. Instead, Standard Fire has simply repeated the statements it made in its Notice of Removal (Doc. 1), so the Court will repeat what it said in its original Order: "The Court cannot make the $12,000

inferential leap required" for amount in controversy "based on these boilerplate allegations—particularly not in a case where Plaintiff's last medical treatment appears to have occurred seven months ago." (Doc. 7 at 2-3).

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 22, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record